UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ERIC DALE WALLS,

          Defendant.

_____/

Case No. 2:09-cr-20567-1

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR COMPASSIONATE
RELEASE [22] AND MOTION TO APPOINT COUNSEL [28]**

Defendant Eric Dale Walls, acting pro se, moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c). ECF 22. Defendant argued the Court should reduce his sentence because of medical problems that he claims place him at an increased risk of severe illness or death from COVID-19. *Id.* at 92. Defendant specifically asserted that he suffers from obesity, factor V Leiden, high blood pressure, deep vein thrombosis, pulmonary embolisms, high cholesterol, and venous insufficiency among other ailments. *Id.* Defendant has also previously been infected with and recovered from COVID-19 and is fully vaccinated against the virus. *Id.* at 94–95.

The Government responded that Defendant's COVID-19 fears of infection do not warrant a sentence reduction as an "extraordinary or compelling circumstance" under the First Step Act. ECF 23, PgID 125–27. After all, Defendant is fully vaccinated against COVID-19. ECF 27-1, PgID 248 (under seal). Defendant also fully

recovered from his previous COVID-19 infection. *Id.* at 201 (under seal). The Court reviewed the briefing and finds that a hearing is unnecessary. E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will deny the motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the Bureau of Prisons to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). Because Defendant has exhausted his request for compassionate release based on his health, ECF 22, PgID 111–14, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). And third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claim about health complications from COVID-19 is not extraordinary and compelling. Defendant is fully vaccinated against the COVID-19 virus because he has received both Moderna vaccine shots. ECF 27-1, PgID 248 (under seal). The Moderna vaccine is "exceptionally safe and effective, preventing 94.1% of infections in clinical trials." *United States v. Cheatham*, No. 2:17-CR-20053-1, 2021 WL 1731712, at *2 (E.D. Mich. May 3, 2021) (Murphy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). Because Defendant is fully vaccinated

against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 WL 364636, at \*2 (E.D. Mich. Feb. 3, 2021). "Indeed, Courts in the Eastern District of Michigan routinely refuse to find that a fully vaccinated prisoner has an extraordinary and compelling reason for release because of their fear of contracting COVID-19." *United States v. Collier*, 15-cr-20774-1, 2021 WL 1560079, at \*2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (collecting cases).

Furthermore, Defendant already contracted the COVID-19 virus and recovered. ECF 22, PgID 94. The Court has extensively reviewed the existing scientific literature and finds that it does not support Defendant's COVID-19 concerns. *See Elias*, 984 F.3d at 521 (holding that a district court did not abuse its discretion when it relied on scientific journals to determine that a defendant did not have a heightened risk of complications from COVID-19). For example, research from the National Institutes of Health ("NIH") has explained that 95% of individuals who recover from COVID-19 have up to eight months immunity to the virus. *See Lasting Immunity Found After Recovery From COVID-19*, NIH, (Jan. 26, 2021), https://bit.ly/3rjf10Y, [https://perma.cc/G44T-4NUU]. Likewise, other cases in the Eastern District of Michigan have explicated reviews of the scientific literature and found that an inmate's extremely low risk of a COVID-19 reinfection is not an extraordinary and compelling reason warranting release under the First Step Act. *See United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at \*3 (E.D. Mich. Nov. 9, 2020) (Cleland, J.); *United States v. Lawrence*, No. 17-20259, 2020 WL

5944463, at *2 (E.D. Mich. Oct. 7, 2020) (Roberts, J.) (collecting cases). The Court therefore does not find that Defendant's concerns about COVID-19 or COVID-19 reinfection are extraordinary and compelling to warrant release.

Finally, Defendant moved for appointment of counsel to help him file a motion for compassionate release. ECF 28. Because the Court already reviewed and denied the compassionate release motion, the motion for appointment of counsel is denied as moot.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release under 18 U.S.C. § 3582(c) [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for appointment of counsel [28] is **DENIED** as **MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 12, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager