UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

Case No. 2:09-cr-20567

HONORABLE STEPHEN J. MURPHY, III

v.

ERIC DALE WALLS,

                Defendant.
                                            /

**OPINION AND ORDER
<u>DENYING MOTION FOR COMPASSIONATE RELEASE [35]</u>**

Defendant has twice moved for compassionate release. ECF 22; 35. The Court denied the first motion because Defendant did not show any potential health complications from COVID-19 that were extraordinary and compelling. ECF 30, PgID 325. In the present motion, Defendant has reasserted the same claims but has clarified that "the non-stop lockdown [] places him at an elevated risk of stroke, heart attack[,] [] or pulmonary embolism" because of his Factor V Leiden Deficiency. ECF 35, PgID 370–71. Defendant has also explained that he is taking medicine to prevent blood clots. *Id.* at 372. But Defendant believed that his movement will be restricted—because of potential COVID-19 outbreaks—and that the lack of physical movement will increase his risk for a blood clot. *Id.* at 370–71. Because the Government already responded to Defendant's health concerns in the first motion, ECF 23, PgID 131–35, the Court will not order the Government to respond to the present motion. The Court

1

will again deny Defendant's motion because he fails to show any extraordinary or compelling reasons for release. *See* 18 U.S.C. § 3582(c)(1)(A).

"[D]istrict courts have discretion to define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007). "Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling.'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

Defendant's concerns about his health are speculative and thus will not cause any irreparable harm. *Id.* Defendant's prison is treating him with a prescription to reduce the likelihood of a blood clot. ECF 35, PgID 372. Defendant's prison has also let him recreate outdoors several days a week. *Id.* at 371. Besides that, Defendant's concerns that he will suffer from a blood clot because of potential lockdowns "[are] too speculative to support his release." *United States v. Qazi*, No. 16-20437, 2020 WL 2526118, at *2 (E.D. Mich. May 18, 2020) (Cleland, J.). Put differently, "[t]he potential that Defendant *may* develop complications as a result of" COVID-19 lockdowns

2

reaffirms that "Defendant's circumstances are not so extreme that the [C]ourt is impelled out of a basic interest in justice to order his release." *United States v. Statom*, No. 08-20669, 2020 WL 2611156, at *3 (E.D. Mich. May 21, 2020) (Cleland, J.) (emphasis in original) (citing *United States v. Sapp*, No. 14-cr-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.)). The Court will therefore deny Defendant's second motion for compassionate release.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion for compassionate release [35] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 19, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 19, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager